**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 17-cv-23233-KMM**

FABIO   PASSARELLI   and   GIOVANNI
SCARDINA,

     Plaintiffs,

vs.

COLUMBUS   RESTAURANT,   LLC   d/b/a
Columbus Restaurant, a Florida limited liability
company,   and   PAOLO   VANDRA,   an
individual,

     Defendants.
_____/

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY FINAL JUDGMENT

Plaintiffs, FABIO PASSARELLI ("Passarelli") and GIOVANNI SCARDINA ("Scardina")(together, "Plaintiffs"), by and through his undersigned counsel, hereby file their Motion for Partial Summary Final Judgment, and in support state:

## OVERVIEW

Plaintiffs, former tipped employees (bartenders and server) of Defendants, move for partial summary final judgment that: (1) Passarelli and Scardina were employees of Defendants throughout the entire time they worked for Defendants; (2) Passarelli is due minimum and overtime wages; (3) Defendant Vandra was an employer under the Fair Labor Standards Act ("FLSA"); (4) Defendants violated the record-keeping requirements of the FLSA; (5) Plaintiffs performed work for which they were improperly compensated; (6) Defendants acted willfully in

failing to properly compensate Plaintiffs; and (7) permit Plaintiffs to produce sufficient evidence at trial to show the amount and extent of that work as a matter of just and reasonable inference.

Passarelli and Scardina were non-exempt employees who worked for Defendants at the Columbus Restaurant, located on Ocean Drive in Miami Beach. For an extended period of his employment, Passarelli was not paid any wages by Defendants, but was instead only worked for tips. Defendants exerted significant control over Plaintiff's employment by dictating the dates and times of Plaintiff's employment, specifying the manner in which he performed his work and regulating the amount that he could receive in tips. During his employment with Columbus Restaurant, Plaintiff did not work anywhere else and he was dependent upon Columbus Restaurant for his employment and only source of income.

Passarelli seeks summary judgment that he was an employee of Defendants throughout the entire

For the reasons set forth more fully below, it is respectfully requested that the Court grant the instant Motion and find that Plaintiff was an employee of Defendants.

## RELEVANT PROCEDURAL HISTORY

1.    On August 25, 2017, Plaintiffs filed their FLSA Complaint [DE 1].

2.    On October 30, 2017, Defendants filed their Answer and Affirmative Defenses [DE 14].

3.    Plaintiffs worked as non-exempt employees (server or bartender) for Defendants.

4.    Passarelli, for a portion of his employment, claims he was paid no hourly wage at all. [DE 1, at ¶ 19].

5.    Scardina claims that he was not paid for all the hours he worked. [DE 1, at ¶ 20].

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

6.      Scardina claims that he was not paid his final paycheck which included both hourly wages and tips. [DE 1, at ¶ 23].

7.      Plaintiffs are seeking minimum wage and overtime compensation as per the FLSA from Defendants.

## ARGUMENT AND MEMORANDUM OF LAW

### Standard of Review

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. When determining whether the moving party has met this burden, the court must view the evidence and all factual inferences in the light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).  The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case and on which that party will bear the burden of proof at trial.  *See Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

A.  **Plaintiffs Were Employees of Defendants**

During the relevant time period of this suit, Defendant Columbus Restaurant LLC admits Pasarelli was an employee under the FLSA. [DE 38-8, ¶ 3].  In addition, Defendant Columbus Restaurant LLC admits Scardina was an employee under the FLSA, also. [DE 38-9, ¶ 3].

Accordingly, the Court should grant partial summary judgment to Passarelli and Scardina that they were employees of Columbus Restaurant LLC throughout the relevant time period of this suit.

B.  **Passarelli Is Due Minimum Wages and Overtime Wages**

Passarelli was paid no wages between September, 2015 and March, 2016. DE 38-11. He was not even given a paycheck but instead worked solely for tips. *Id.* He was only paid in cash. [DE 38-1, T. 52:8-53:4]. During this 28-week time period, Passarelli continued to work the same position (server) at Columbus Restaurant. He worked 970 hours according to Defendants' time records which averages out to 34.6 hours per week without a paycheck.  [DE 38-11]. Accordingly, as a matter of law, Passarelli is owed his minimum and overtime wages.

In addition, although Passarelli began receiving a paycheck again in April, 2016, he continued to receive no hourly wage for minimum or overtime hours worked. [DE 38-11]. According to Defendants' time records, during this period (April, 2016 through February, 2017) he worked 1,644.45 minimum wage hours and 180.07 overtime wage hours. Accordingly, as a matter of law, Passarelli is owed his minimum and overtime wages for this period, also.

C.  **Defendant Vandra was an Employer under the FLSA**

Throughout Plaintiffs' employment, Defendant Paolo Vandra ("Vandra") was an employer under the FLSA.

In Vandra's Responses to Passarelli's Request for Admissions:

1.      Vandra admits he is an owner. [DE 38-6, at ¶ 24].

2.      Vandra admits that he was involved in the day-to-day operations of the restaurant. [*Id.*, at ¶ 20].

3.      Vandra admits he had responsibility for supervision of employees at the restaurant. [*Id.* at ¶ 21].

4.      Vandra admits he both hired and fired employees at the restaurant. [*Id.* at ¶ 22].

5.      Vandra admits he exercised control over the business and financial affairs of the company. [*Id.* at ¶ 23].

"Under the FLSA, the term 'employer' includes 'any person acting directly or indirectly in the interest of an employer in relation to an employee.' 29 U.S.C. § 203(d)." *Perez v. Palermo Seafood, Inc.*, 548 F.Supp.2d 1340, 1346 (S.D.Fla. 2008). "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Id.*¸ quoting *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir.1986) (citing *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir.1983)).

Therefore, Defendant Paolo Vandra is an employer under the FLSA. Accordingly, the Court should grant partial summary judgment to Passarelli and Scardina that they were employees of Paolo Vandra throughout the relevant time period of this suit.

**D.      Defendants Violated The Record-Keeping Requirements Of The FLSA**

Under the FLSA, every employer is required to make, keep, and preserve records of its employees and of the wages, hours and other practices of employment it maintains. *See* 29 CFR

§ 516.2 (A) & (B); 29 U.S.C. §§ 207(a), 211(c), 216(b).  The function of keeping the records is a primary duty of an employer.  *See* 29 CFR § 516.2 (A) & (B); *see also Wirtz v. Mississippi Publishers Corp.*, 364 F.2d 603 (5th Cir. 1966).  The burden to keep such records is not on the employee.  *See* 29 CFR § 516.2 (A) & (B); *Goldenberg v. Kirstein Leather Co.*, 209 F. Supp. 703 (D. Mass. 1962).

As the Supreme Court held in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946):

> **Where the employer's records are inaccurate or inadequate …, we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.** The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id*. at 687–88 (emphasis added). In addition, an employer's record-keeping practices may corroborate an employee's claims that the employer acted willfully in failing to compensate the employee for overtime. *See Elwell v. University Hospitals Home Care Services,* 276 F.3d 832 (6th Cir. 2002).

"Thus, at summary judgment, if an employer's records are inaccurate or inadequate, an employee need only present sufficient evidence to show the amount and extent of the uncompensated work as a matter of just and reasonable inference[.]" *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011); citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).  *See also Jeong Woo Kim v. 511 E. 5TH St., LLC*, 133 F. Supp. 3d 654, 659

(S.D.N.Y. 2015)(granting plaintiff summary judgment as to amount of overtime worked due to employer's inaccurate records). "'Where the inaccuracy [of records] is due to the employer's failure to keep adequate records as required by statute, and the employee has demonstrated that *some* work was performed for which he was improperly compensated, there is a right to recovery, even though the amount may be uncertain and damages difficult to calculate.'" *Perez v. Palermo Seafood, Inc.*, 548 F.Supp.2d 1340, 1347 (S.D.Fla. 2008), quoting *Leonard v. Carmichael Props. & Mgmt. Co.,* 614 F.Supp. 1182, 1186 (S.D.Fla.1980). Mr. Scardina, for example, has testified that he was not paid for an average of ten hours work every two weeks [DE 38-5, T. 36:24-25], and was not paid for his last week's paycheck (wages and tips) at all [*Id.*, T. 95:23-96:2].

In the instant case, Defendants' records are clearly inaccurate and are not corroborated by the paychecks.  A review of Defendants' time and pay records [DE 38-11, 38-12], along with the declaration of a former managing partner [DE 38-7], prove that Defendants regularly and knowingly violated the record-keeping requirements of the FLSA.   According to former managing partner Arturo Simeone, who was a childhood friend of Defendant Vandra [DE 38-3, T.8:10-11], Passarelli himself complained to Simeone about his hours [DE 38-7, ¶ 7; DE 38-10, ¶ 13], Simeone examined the records and found them inaccurate [*Id.*], and Simeone ordered the general manager to pay Passarelli for these hours [*Id.*].   Simeone personally witnessed the general manager changing employees' hours. [*Id.*, ¶ 5].   Passarelli has witnessed this also. [DE 38-4, T. 125:23-126:8].   Simeone himself corrected hours incorrectly revised by the general manager. [*Id.*, ¶ 6]. Simeone also stated that during periods in which Defendant Vandra was the managing partner, "the employees' time worked was not accurate." [*Id.*, ¶ 12]. Defendant Vandra

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

himself does not know if the restaurant is in compliance with the law but relies on the general manager. [DE 38-3, T. 47:4-7.]

Indeed, a review of records submitted by Defendants shows that the hours worked and hours paid were not accurate. [*See* DE 38-11: Composite Exhibit-Passarelli Time and Pay Record Comparison; DE 38-12: Composite Exhibit-Scardina Time and Pay Record Comparison].  Notably, these were not simple "rounding errors."  These records conclusively show that there was virtually no correlation between the time clocked and the pay paid for the vast majority of weeks worked.  For example, for the two weeks ending 6/30/15, the time clock records show Passarelli working 63.42 hours, but his paycheck shows him working and being paid for only 44.62 hours. For the two weeks ending 7/14/15, the time clock records show 74.34 hours, but the paycheck shows him working and being paid for only 52.11 hours.  For the two weeks ending 9/08/15, the clocked time was 77.57 hours, but the paid time was only 40.42 hours.  Again, from 9/22/15 to 3/22/16, Passarelli worked every week but received no paycheck at all.

Scardina's records [DE 38-12] show the same pattern of arbitrary and inaccurate recording of his hours worked. From his first paycheck ending 1/13/15 (time records: 33.47 overtime hours, pay records: 21.0 overtime hours) to his last paycheck ending 5/16/17 (time records: 22.18 overtime hours, pay records: 0.00 overtime hours), Scardina's hours paid, like Passarelli's, rarely show any relationship to their hours worked as shown on Defendants' time records.

The Defendants acted willfully in failing to pay Plaintiffs accurately as to their hours worked. Not only are the weekly time records inaccurate, which is prima facie evidence of willfulness, the record evidence shows that Defendants must have known they weren't accurate.

According to the testimony of the corporate representative, Cristian Azzariti, who is also the general manager of the restaurant, every payroll period Mr. Azzariti would review the weekly time records with the bookkeeper, and after reviewing he would approve and send these reports to ADP for the production of the paychecks. [DE 38-1, T. 67:11-68:22]. The company had full knowledge of the time records and the time recorded on Plaintiffs' paychecks. Thus, the Defendants' actions in failing to pay Plaintiffs accurately were knowing and willful.

Accordingly, the Court should: (i) find that Defendants violated their record keeping obligations; (ii) deem Defendants' records inaccurate; (iii) find that Plaintiffs performed work for which they were improperly compensated; (iv) find that Defendants acted willfully in failing to properly compensate Plaintiffs; and (v) permit Plaintiffs to produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson,* 328 U.S.at 687.

WHEREFORE, Plaintiffs respectfully request that the Court grant the instant Motion in its entirety, enter an Order granting Plaintiffs partial summary final judgment that (1) Passarelli was an employee of Defendants throughout the entire time he worked for Defendants; (2) Passarelli is due minimum and overtime wages; (3) Defendant Vandra was an employer under the Fair Labor Standards Act ("FLSA"); (4) Defendants violated the record-keeping requirements of the FLSA; (6) Plaintiffs performed work for which they were improperly compensated; (7) Defendants acted willfully in failing to properly compensate Plaintiffs; and (8) permit Plaintiffs to produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson,* 328 U.S.at 687., and grant such other and further relief as is just and proper.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Respectfully Submitted, July 6, 2018,

By:   **s/ Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
*Law Office of Lowell J. Kuvin, LLC*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 6, 2018, I electronically filed the foregoing document via CM/ECF which will automatically send a copy to all counsel of record.

By: s/ Robert W. Brock II
Robert W. Brock II, Esq.

## Service List

**Hector V. Ramirez, Esq.**
Florida Bar No.: 484857
Email: ramirez@nklegal.com
*Law Offices of Nolan Klein, P.A.*
Wells Fargo Tower – Suite 1500
One East Broward Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 745-0588
klein@nklegal.com
amy@nklegal.com
robin@nklegal.com
*Attorney for Defendants*